**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

TIRRELL AUDRELIUS MIDDLETON,      )
                                  )
            Plaintiff,            )
                                  )
      v.                          )          No. 1:26-cv-123-SNLJ
                                  )
TYLER WOMACK, et al.,             )
                                  )
            Defendants.           )

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court upon review of the file. Plaintiff Tirrell Audrelius Middleton commenced this civil action on June 1, 2026. ECF No. 1. On June 4, 2026, Plaintiff filed a supplement requesting a Court Order regarding the filing fee. ECF No. 2. On June 9, 2026, the Court issued an Order directing Plaintiff to either pay the filing fee in full or complete an application to proceed without prepaying fees or costs. ECF No. 3. The Court cautioned Plaintiff that his failure to timely comply with the Order would result in the dismissal of the case without further notice. *Id*. On June 15, 2026 Plaintiff again requested an Order concerning the filing fee, which had already been mailed to him less than a week earlier. ECF No. 4. On June 24, 2026, Plaintiff filed an amended complaint.

To date, Plaintiff has not paid the filing fee, nor filed a completed application to proceed without prepaying fees or costs. Further, Plaintiff has not sought additional time to comply with the Court's order of June 9, 2026. Plaintiff was given meaningful notice of what was expected, he was cautioned that his case would be dismissed if he failed to timely comply, and he was given ample time to comply. The Court will therefore dismiss this action, without prejudice, due to Plaintiff's failure to comply with the Court's June 9, 2026 Order and his failure to prosecute

his case. *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (the authority of a court to dismiss *sua sponte* for lack of prosecution is inherent power governed "by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order).

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this  28th  day of July, 2026.


_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

2